IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-00112-F

| | |
|---|---|
| ANTHONY LEE MCNAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| NASH COUNTY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This cause comes before the Court upon Plaintiff's pro se application to proceed *in forma pauperis*. (DE-1). In his complaint, Plaintiff seeks monetary damages for alleged violations of his constitutional rights. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. However, for the reasons that follow, the undersigned recommends that Plaintiff's complaint be found insufficient to survive review under 28 U.S.C. § 1915.

**Pre-Filing Injunction**

Plaintiff is a well-known litigant in this Court who "has filed more than a dozen actions in this court, the majority of which have been dismissed as frivolous." McNair v. Tarboro Dist. Atty's Office, No. 5:11-CV-122-FL, 2011 U.S. Dist. LEXIS 46922, at *1 n.1 (E.D.N.C. May 2, 2011) (unpublished) (collecting cases). "[E]ach of plaintiff's frivolous lawsuits has involved allegations that judges, prosecutors, defense attorneys, and police officers deprived him of his constitutional rights with respect to various prosecutions in state court." *Id.* at *8. As a result, Plaintiff is now under a pre-filing injunction in this district enjoining him from filing any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by Heck v. Humphrey, 512 U.S. 477 (1994), or any suit involving a constitutional challenge to ongoing or recently terminated state court criminal

proceedings where the challenge could instead have been brought within those proceedings.

On November 26, 2007, a jury in Superior Court, Nash County, convicted Plaintiff of felony breaking and entering and felonious larceny after breaking and entering. State v. McNair, 196 N.C. App. 178, 674 S.E.2d 480 (2009) (unpublished table decision) (published in full-text format at 2009 N.C. App. LEXIS 308 (N.C. Ct. App., Apr. 7, 2009)). On November 27, 2007, Plaintiff was arraigned as an habitual felon and "the same jury found [him] guilty of attaining habitual felon status." Id. at *4. The North Carolina Court of Appeals affirmed his convictions for felonious breaking and entering and larceny, but reversed his conviction for habitual felon because "the trial court erred when it [tried] defendant on the habitual felon charge on the same day that he was arraigned." Id. at *15. Plaintiff now seeks monetary damages for alleged violations of his civil rights "after being den[ied] arraignment on a[n] enhancement habitual felon charge that was vacated by the N.C. [Court of Appeals] 4/7/2009." (DE-1-2, p.2).

Plaintiff attached a copy of the pre-filing injunction to his complaint as required by the order of this Court. Inasmuch as he seeks monetary damages for constitutional violations in connection to a state court conviction that has been invalidated as required by Heck v. Humphrey, 512 U.S. 477 (1994), the undersigned concludes that Plaintiff has complied with the pre-filing injunction.

**Complaint**

According to Plaintiff, "defendant Nash County committed conspiracy" and violated his civil rights "by (1) denying due process (2) equal protection in criminal prosecution and (3) equal protection to sentencing and prison rights." (Id.). Plaintiff sets forth no other facts in his complaint.

When a plaintiff seeks to proceed *in forma pauperis* in a civil action, the court must review the complaint and dismiss any case that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an

2

arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, however inartfully pled, is held to less stringent standards than formal pleadings drafted by attorneys. *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). *Erickson*, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); *see* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

Here, Plaintiff's complaint sets forth nothing more than "labels and conclusions." He articulates no set of facts stating a cognizable claim. Moreover, while Defendant Nash County is a legal entity capable of being sued, *see* N.C. Gen. Stat. § 153A-11, a county may only be held liable for acts over which the county has final policymaking authority. *See* City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988). Whether a county has final policymaking authority in a specific area is a question of state law. *Id.* There is no indication here that Nash County has final policymaking authority over whether Plaintiff was "den[ied] arraignment on a[n] enhancement habitual felon charge" as alleged. For these reasons, Plaintiff's complaint is frivolous and should be dismissed.

### **Conclusion**

For the aforementioned reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* (DE-1) be GRANTED, but that his complaint be DISMISSED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, June 12, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE