UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-112-F

| | | |
|---|---|---|
| ANTHONY LEE MCNAIR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>O R D E R</u> |
| | ) | |
| NASH COUNTY, | ) | |
|     Defendant. | ) | |

This matter is before the court for consideration of United States Magistrate Judge William A. Webb's Memorandum and Recommendation ("M&R") [DE-4] on the *pro se* Plaintiff's motion for leave to proceed *in forma pauperis* [DE-1]. Judge Webb recommends Plaintiff's motion to proceed *in forma pauperis* be allowed, but that his complaint be dismissed as frivolous under 28 U.S.C. § 1915. Plaintiff has filed an objection [DE-6] to the M&R.

## BACKGROUND

As Judge Webb noted in the M&R, Plaintiff has filed more than a dozen actions in this court, most of which has been dismissed as frivolous. *See McNair v. Tarboro Dist. Atty's Office*, No. 5:11-CV-122-FL, 2011 U.S. Dist. LEXIS 46922, at *1 n.1 (E.D.N.C. May 2, 2011)(unpublished)(collecting cases). As a result of these frivolous lawsuits, Plaintiff is now subject to a pre-filing injunction enjoining him from filing any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by *Heck v. Humphrey*, 512 U.S. 477 (1994), or any suit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge could instead have been brought within those proceedings.

Judge Webb aptly described the legal proceedings giving rise to Plaintiff's latest lawsuit. To summarize, Plaintiff's November 27, 2007, conviction for being a habitual felon was reversed by the North Carolina Court of Appeals in an April 7, 2009, opinion. *See State v.McNair*, 196 N.C. App. 178, 674 S.E.2d 480 (2009)(unpublished table decision), available at 2009 N.C. App. LEXIS 308 (N.C. Ct. App. April 7, 2009). Specifically, the North Carolina Court of Appeals determined "the trial court erred when it proceeded to try defendant on the habitual felon charge on the same day that he was arraigned" on the habitual felon indictment. *Id.*, 2009 N.C. App. Lexis 308, at * 15. Accordingly, the North Carolina Court of Appeal granted Plaintiff a new trial on the habitual felon charge. *Id.* Now, in the proposed Complaint, Plaintiff alleges Nash County committed conspiracy to violate his constitutional rights when he was "den[ied] an arraignment on an enhancement habitual felon charge that was vacated by the N.C. Appeals of Court 4/7/2009 after the Nash County Superior Court dismiss the habitual felon indictment charge of the same 11/26/2007." Proposed Compl. [DE-1-2] at p. 2.

After reviewing Plaintiff's application, Judge Webb concluded that (1) Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs; (2) Plaintiff complied with the pre-filing injunction because he attached a copy of it to the complaint and he seeks monetary damages for constitutional violations in connection with a state conviction which has been invalidated, and (3) Plaintiff's complaint is legally insufficient. With regard to the third conclusion, Judge Webb found that Plaintiff's complaint set forth nothing more than labels and conclusions. He also stated that a county, like the Defendant, "may be held liable only for acts over which the county has final policymaking authority." M&R [DE-4] at p. 3. Because there "is no indication here that Nash County has final policymaking authority over whether Plaintiff

2

was 'den[ied] arraignment on a[n] enhancement habitual felon charge,'" Judge Webb found the proposed Complaint to be frivolous. *Id.*

In his Objection to the M&R, Plaintiff argues (1) Judge Webb is biased and prejudiced against him and (2) his Complaint is not subject to review under 28 U.S.C. § 1915 because he is no longer a prisoner. Plaintiff does not address the merits of Judge Webb's analysis.

## ANALYSIS

At the outset, the court observes that Plaintiff can proffer no evidence that Judge Webb is biased and prejudiced against him, other than the fact that Judge Webb has issued previous M&R's which recommended that Plaintiff's other cases be dismissed. This, alone, does not demonstrate prejudice or bias. Moreover, all applications to proceed *in forma pauperis*, whether they are filed by prisoner or non-prisoner litigants, are subject to frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Upon a *de novo* review, the court agrees with Judge Webb's findings that Plaintiff has demonstrated the requisite evidence of inability to pay the required court costs and that the Complaint is frivolous, and accordingly, the court ADOPTS the M&R as modified below.

As Judge Webb observed, North Carolina counties–like Defendant Nash County–are legal entities capable of being sued. *See* N.C. Gen. Stat. § 153A-111. As a municipality, however, Nash County can be held liable for constitutional violations under § 1983 only when the county itself, through one of its policies or customs, causes the constitutional violation. *Buffington v. Baltimore Cty.*, 913 F.2d 113, 122 (4th Cir. 1990). Accordingly, if "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by a municipality's officers directly cause a constitutional violation, then the municipality body may

3

be sued directly. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 690 (1978). In the absence of formal approval of a policy, a municipality may still be held liable for a constitutional violation if the violation occurred because of a municipal custom. *Id.* at 690-91. An individual decision by a municipal actor with "final policymaking authority" may subject the municipality to liability for a constitutional violation. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). Whether an actor has "final policymaking authority" is a question of state law. *Id.*

Here, Plaintiff alleges his constitutional rights were violated after he was denied an arraignment. The decision to deny Plaintiff an arraignment rested with either the prosecutor, the judge overseeing the proceedings, or both. Under North Carolina law, the offices of the district attorneys and the prosecutorial districts are provided for under Article IV, Section 18 of the North Carolina Constitution. Additionally, N.C. Gen. Stat. § 7A-60 sets forth the prosecutorial districts and the number of assistant district attorneys to be employed in each district, while N.C. Gen. Stat. § 7A-65 provides for the compensation and allowances of district attorneys and assistant district attorneys. Accordingly, the prosecutor representing the people of Nash County is a state official, and not a Nash County official. Similarly, a Superior Court Judge for the Nash County District is a state official under the North Carolina Constitution and is paid by the State, and is therefore not a Nash County official. N.C. Const. art. IV, §§ 9, 20.

Consequently, Nash County bears no responsibility for the injuries Plaintiff has alleged he has suffered, and Plaintiff's Complaint must be dismissed as frivolous pursuant to 28 U.S.C. § 1915.[1]

---

[1] Plaintiff previously has sued the Nash County District Attorney's Office for the same alleged injuries. *See McNair v. Nash Cty. District Atty's Office*, 5:10-CT-03192-D. Plaintiff's complaint in that action also was dismissed as frivolous. *See* 5:10-CT-03192-D, August 25,

4

## CONCLUSION

Upon the court's *de novo* review and for the foregoing reasons, Judge Webb's M&R [DE-4] is ADOPTED as modified herein. Plaintiff's application to proceed *in forma pauperis* [DE-1] is ALLOWED, but his Complaint is DISMISSED.

SO ORDERED.

This the 17th day of July, 2012.

*James C. Fox*
James C. Fox
Senior United States District Judge

---

2011, Order [DE-10].